MARK E. MUSOLF, Secretary Department of Revenue
You ask whether 52 Op. Att'y Gen. 439, 446 (1963), concluding that welfare payment checks must be prepared and mailed out by the county treasurer, is still valid in light of the repeal of three of the four statutes cited there. The previous opinion stated that "payment . . . is manifesttly [sic] not made until the checks to the recipients are prepared and mailed." That interpretation is still valid. Although three of the four statutes cited in the opinion have been repealed, sec. 59.20 (2), Stats., still provides that the county treasurer is required to pay out all monies belonging to the county.
Green v. Jones, 23 Wis.2d 551, 128 N.W.2d 1 (1964), held that portions of an opinion of the Attorney General relating to the construction of a statute are persuasive guides to the meaning of the statute where none of the legislative changes after the opinion was rendered affected the statutory provision construed in the opinion. The Legislature has had eighteen years to change the applicable statute if *Page 202 
it felt 52 Op. Att'y Gen. 439 (1963) was an improper statutory interpretation, but has not done so. Although sec. 59.20, Stats., was not specifically cited in the opinion, it was the applicable statute being interpreted since the issue discussed was the duty imposed by that statutory provision upon the county treasurer to "pay out all moneys belonging to the county." Therefore, that opinion is still a correct interpretation of the law and it is my opinion that county checks must not only be prepared but also actually mailed out by the county treasurer.
This conclusion is not applicable to a county having a population of 500,000 or more if it, pursuant to sec. 66.042 (1), Stats., has adopted an ordinance providing for a different method of disbursing county funds.
BCL:WHW